# EXHIBIT A

## STATE OF CONNECTICUT

**JUDICIAL DISTRICT OF FAIRFIELD**          **SUPERIOR COURT**
                                            **C.A. NO.:**

| | |
|---|---|
| KIMBERLY STARLING, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| CHARTER COMMUNICATIONS, INC., ) ) | **JURY TRIAL DEMANDED** |
| Serve registered agent: ) Corporation Service Company ) 100 Pearl Street, 17th Floor ) Hartford, Connecticut 06103 ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Kimberly Starling, individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant Charter Communications, Inc., states:

### BACKGROUND, PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Kimberly Starling ("Starling") brings this case to protect the privacy rights of herself and a class of similarly situated people who were called on their cell phones by Defendant Charter Communications, Inc. ("Charter"). Charter called Starling and the putative class members on their cell phones without first obtaining the recipients' prior express written consent. Further, the calls were made after Starling and the putative class members registered their phone numbers on the National Do Not Call Registry.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA protects people from receiving marketing calls on their cell phones by requiring the caller to first obtain the recipient's "prior express written consent" to receive calls. The penalty for violating this provision of the TCPA $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4. The TCPA also affords special protections for people who registered their cell phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after being registered on the National Do Not Call Registry is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

5. From January 2021 until June 2021, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

6. Starling is an individual who resides in the State of Texas.

7. Starling brings this action on behalf of herself and all others similarly situated.

8. Charter is a Delaware corporation that is headquartered in the State of Connecticut. Charter has been in good standing to transact business at all times relevant to this Complaint.

9. Charter transacts business in Connecticut, Texas and throughout the United States.

10. This Court has personal jurisdiction over Charter's headquarters which is located in the State of Connecticut, Charter solicits business in the State of Connecticut, conducts business in the State of Connecticut, and otherwise has sufficient minimum contacts with the State of Connecticut, and such contacts are continuous and systematic.

11. Charter sells cable, internet and phone services nationwide. The brand name under which Charter sells these services is "Spectrum."

12. Charter markets its products and services, in part, through placing telephone calls to prospective customers' cellular phones.

13. Starling is the owner of a cell phone. Her cell phone number is 817-XXX-6140.

14. Starling did not provide her cell phone number to be called by Charter before or at the time she received the calls at issue.

15. Starling had no prior business relationship with Charter before or at the time she received the calls at issue.

16. Starling never inquired of Charter about any products or services before or at the time she received the calls at issue.

17. Starling did not grant Spectrum prior express written consent to be called on her cell phone.

18. Starling registered her cell phone number on the National Do Not Call Registry on or about December 31, 2004.

19. On September 8, 2020, Starling received a prerecorded voice call from Charter or someone acting on its behalf. The prerecorded voice call mentions "bundling" services and states to "press 1" to be connected with a representative. Upon pressing 1, Starling was connected with a live representative. The representative stated, "thank you for showing your interest in cable, internet and phone." The representative further asked if Starling was interested in getting new services. The representative confirmed he was calling for "Spectrum." Starling told the representative to not call her again.

20. On January 11, 2021, Starling received a second prerecorded voice call from Charter or someone acting on its behalf concerning Spectrum services.

21. Charter's conduct violated the privacy rights of Starling and the putative class members, as they were subjected to annoying and harassing calls. Charter's calls intruded upon the rights of Starling and the putative class members to be free from invasion of their interest in seclusion.

22. Charter's conduct caused Starling and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

23. On information and belief, Charter placed calls for the purpose of selling its products and services.

## CLASS ALLEGATIONS

24. Pursuant to Connecticut Practice Book §§9-7, 9-8, 9-9, 9-10 *et seq.*, Starling brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

25. Starling seeks to represent the following classes:

> **Prerecorded Voice Class:** All persons with cell phones during the time period from four years prior to the filing of this action until the date a class is certified, to whom Charter or someone acting on its behalf placed a prerecorded voice call. Excluded from the class are all persons who were current or former Charter customers at the time they received such calls.
>
> **Do Not Call Registry Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one telephone call or text message from Charter or someone acting on its behalf during a 12-month period; and, (2) were registered on the Do Not Call Registry for more than 31 days at the time the calls were received.

26. Starling reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

27. The members of the proposed classes are so numerous that joinder of all members is impracticable. Starling reasonably believes that hundreds or thousands of people have been harmed by Charter's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to Charter or those acting on its behalf.

28. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

29. On information and belief, Charter has called and continues to call people who are registered on the National Do Not Call Registry. It is reasonable to expect that Charter will continue to make such calls absent this lawsuit.

30.     Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

a.     Whether Charter placed prerecorded voice calls to the cell phones of Starling and the putative class members without obtaining the recipients' prior express written consent;

b.     Whether Charter placed prerecorded voice calls to the cell phones of Starling and the putative class members;

c.     Whether Charter placed calls to Starling and the putative class members after they were registered on the National Do Not Call Registry more than 31 days;

d.     Whether Charter's conduct violates 47 U.S.C. § 227(b);

e.     Whether Charter's conduct violates 47 U.S.C. § 227(c);

f.     Whether Charter's conduct violates the rules and regulations implementing the TCPA; and,

g.     Whether Starling and the putative class members are entitled to increased damages for each violation based on the willfulness of Charter's conduct.

31.     Starling's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

32.     Starling and her counsel will fairly and adequately protect the interests of the members of the proposed class. Starling's interests do not conflict with the interests of the proposed class she seeks to represent. Starling has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law. Starling's counsel has the resources to litigate this class action, and Starling and her counsel are aware of their

responsibilities to the putative members of the class and will discharge those duties. Starling reserves the right to join other unnamed class members into this lawsuit.

33. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

34. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

35. Questions of law and fact, particularly the propriety of placing prerecorded voice calls to cell phones without first obtaining "prior express written consent" and calling cell phone numbers registered on the National Do Not Call Registry, and placing calls to people without first obtaining a registration certificate from the Office of the Secretary of State, predominate over questions affecting only individual members.

36. Charter has acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

## COUNT I

*Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.*

37. Starling incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

38. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using [a] prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

39. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

40. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2).

41. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

42. The TCPA provides for a private right of action and statutory damages of $500 per violation, and up to $1,500.00 if the violation is determined to be willful. 47 U.S.C. § 227(b)(3); (c)(5).

43. On information and belief, Charter placed phone calls to the cell phones of Starling and the putative class members without the recipients' prior express written consent.

44. On information and belief, Charter placed prerecorded voice calls to hundreds if not thousands of wireless telephone numbers.

45. By making calls to the cell phones of Starling and the putative class members without first obtaining their prior express written consent, Charter violated the express provisions on the TCPA, including, but not limited to 47 U.S.C. § 227(b)(1).

46. Charter knew or should have known that Starling and the putative class members did not provide their prior express written consent to receive calls on their cellular phones.

47. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

48. The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

49. In addition, the TCPA allows the Court to enjoin Charter's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

50. By making calls to the cell phones of Starling and the putative class members

after their numbers were registered on the National Do Not Call Registry, Charter violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

51. Charter knew or should have known that Starling and the putative class members had their numbers registered on the National Do Not Call Registry.

52. Starling and the putative class members are entitled to damages of $500.00 per violation for each call made by Charter and up to $1,500.00 per violation if the Court finds that Charter willfully violated the TCPA.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Kimberly Starling, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant Charter Communications, Inc., pursuant to Connecticut Practice Book §§9-7, 9-8, 9-9, 9-10 *et seq.*, certifying this action as a class action and appointing Starling as the class representative;

b. Enter an order appointing Kimmel & Silverman, PC and Butsch Roberts & Associates, LLC as counsel for the class;

c. Enter judgment in favor of Starling and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Charter willfully violated the TCPA;

d. Enter a judgment in favor of Starling and the putative class that enjoins Charter from violating the TCPA's regulations prohibiting Charter from calling numbers registered on the National Do Not Call Registry;

e. Award Starling and the class all expenses of this action, and requiring Charter to pay the costs and expenses of class notice and administration; and,

f. Award Starling and the class such further and other relief the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Kimberly Starling demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: */s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, #429578
Kimmel & Silverman, P.C.
30 E. Butler Ave.
Ambler, PA 19002
(401) 764-5566
atroccoli@creditlaw.com
*Attorney for Plaintiff*

Dated: August 31, 2021



**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06604 | ( 203 ) 579 − 6527 | 10/05/2021 |

☒ Judicial District   ☐ Housing Session   G.A. Number: ___   At *(City/Town)*: Fairfield Judicial District

Case type code *(See list on page 2)*   Major: **M 90**   Minor:

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Angela K. Troccoli, Esq., Kimmel & Silverman PC, 30 E. Butler Ave., Ambler, PA 19002 | 651593 |

Telephone number: ( 401 ) 764 − 5566
Signature of plaintiff *(if self-represented)*:

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*: atroccoli@creditlaw.com

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: Kimberly Starling, individually and on behalf of all others similarly situated<br>Address: 1331 Village Green Drive, Southlake, TX 76092 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Charter Communications, Inc.<br>Address: Registered Agent - Corporation Service Company - 100 Pearl St, 17th Flr, Hartford, CT 06103 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

Total number of plaintiffs: 1   Total number of defendants: 1   ☐ Form JD-CV-2 attached for additional parties

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | | Name of person signing |
|---|---|---|---|
| 08/31/2021 | | ☒ Commissioner of Superior Court<br>☐ _____ Clerk | /s/ Angela K. Troccoli |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form   Page 1 of 2   Reset Form

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do not use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 10 | Redevelopment Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 20 | Other State or Municipal Agencies | | T 12 | Defective Premises - Public - Other |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 20 | Products Liability - Other than Vehicular |
| | E 90 | All other | | T 28 | Malpractice - Medical |
| | | | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 68 | Bar Discipline - Inactive Status | | | |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

FBT-cv21-6109429-S

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06604 | ( 203 ) 579 − 6527 | 10/05/2021 |

[x] Judicial District   [ ] Housing Session   G.A. Number: ___   At *(City/Town)*: Fairfield Judicial District

Case type code *(See list on page 2)*   Major: **M 90**   Minor:

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Angela K. Troccoli, Esq., Kimmel & Silverman PC, 30 E. Butler Ave., Ambler, PA 19002 | 651593 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 401 ) 764 − 5566 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   [x] Yes   [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*: atroccoli@creditlaw.com

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: Kimberly Starling, individually and on behalf of all others similarly situated<br>Address: 1331 Village Green Drive, Southlake, TX 76092 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Charter Communications, Inc.<br>Address: Registered Agent - Corporation Service Company - 100 Pearl St, 17th Flr, Hartford, CT 06103 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

Total number of plaintiffs: 1   Total number of defendants: 1   [ ] Form JD-CV-2 attached for additional parties

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | [x] Commissioner of Superior Court<br>[ ] _____ Clerk | Name of person signing |
|---|---|---|---|
| 08/31/2021 | | | /s/ Angela K. Troccoli |

**If this summons is signed by a Clerk:**

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form   Page 1 of 2   Reset Form

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

Do not use this summons for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
(c) Applications for change of name
(d) Probate appeals
(e) Administrative appeals
(f) Proceedings pertaining to arbitration
(g) Summary Process (Eviction) actions
(h) Entry and Detainer proceedings
(i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other    *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

## JDNO NOTICE

**FBT-CV-21-6109429-S     STARLING, KIMBERLY, INDIVIDUALLY AND ON BEHALF OF v. CHARTER COMMUNICATIONS, INC.**

Notice Issued: **09/02/2021**

**Court Address:**
CLERK, SUPERIOR COURT
JUDICIAL DISTRICT OF FAIRFIELD
1061 MAIN STREET
BRIDGEPORT, CT 06604

**Notice Content:**
Notice Issued: **09/02/2021**
Docket Number: **FBT-CV-21-6109429-S**
Case Caption: **STARLING, KIMBERLY, INDIVIDUALLY AND ON BEHALF OF v. CHARTER COMMUNICATIONS, INC.**
Notice Sequence #: **1**

       JDNO NOTICE

09/04/2021 AT 9:00AM


The above-captioned case has been individually assigned to the Honorable Theodore R. Tyma.

The prefix "FB5" has been assigned to this case for assignment purposes and will appear on all short calendars.

This notice is for informational purposes only. No court appearance is required.

Please direct questions to William Gildea, Civil Caseflow Coordinator at 203-579-7240
or email: william.gildea@jud.ct.gov

STATE OF CONNECTICUT:
                                : ss: HARTFORD        SEPTEMBER 7, 2021
COUNTY OF HARTFORD  :

    Then and by virtue hereof, and by direction of the Attorney, I left a verified true and attested copy of the original WRIT, SUMMONS, CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, with and in the hands of DENEEN SEFIEL, ADMINISTRATOR FOR CORPORATION SERVICE COMPANY, 100 PEARL ST, 16TH FLOOR, AGENT FOR SERVICE for the within named defendant **CHARTER COMMUNICATIONS, INC.,** in the said town of HARTFORD, County of Hartford.

    The within is the original WRIT, SUMMONS, CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, with my doings thereon endorsed.

ATTEST:

KEITH NIZIANKIEWICZ
CT STATE MARSHAL
HARTFORD COUNTY

| | |
|---|---|
| Verified pages | $13.00 |
| Endorsements | 1.60 |
| Service | 40.00 |
| Travel | 12.00 |
| Total | $66.60 |