UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY STARLING AND NICKOLAS HAGMAN,<br>     *Plaintiffs*,<br><br>     v.<br><br>CHARTER COMMUNICATIONS, INC.,<br>     *Defendant*. | No. 3:21-cv-01323 (VAB) |

**SCHEDULING ORDER**

On December 9, 2021, the parties filed a joint Rule 26(f) Report, in which they take opposing positions with respect to the conduct of phased discovery in this case. *See* Rule 26(f) Report of Parties' Planning Meeting, ECF No. 30 (Dec. 9, 2021) ("Rule 26(f) Report").

Bifurcation of discovery is "properly understood as a stay of class discovery pending resolution of plaintiff's individual claim." *Chow v. SentosaCare, LLC*, No. 19-cv-2541, 2020 WL 559704, at *1 (E.D.N.Y. Jan. 23, 2020). Under Federal Rule of Civil Procedure 26, a district court has "considerable discretion to stay discovery, . . . with the moving party bearing the burden of establishing good cause." *Cunningham v. Big Think Cap., Inc.*, No. 21-cv-02162 (DRH) (JMW), 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021) (internal quotations omitted); *see also In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) ("A district court has wide latitude to determine the scope of discovery, and we ordinarily defer to the discretion of district courts regarding discovery matters." (internal citation, quotation marks, and alteration omitted)).

Having reviewed the 26(f) Report, the Court finds that Charter Communications, Inc. has established good cause for the bifurcation of individual and class discovery to address the threshold issues of standing and vicarious liability. *See* Rule 26(f) Report at 11–12; *Cunningham*,

2021 WL 4407749, at *2 ("Good cause may exist where the resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary . . . ." (internal quotations and citation omitted)); *Roper v. City of New York*, No. 15 Civ. 8899 (PAE) (GWG), 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017) ("Federal Rule of Civil Procedure 26(d) . . . allows a Court to control the sequence and timing of discovery, particularly where the resolution of a preliminary matter may decide the entire case.").

Accordingly, the Court adopts the following schedule for pre-trial deadlines based on the parties' Rule 26(f) Report, the Court's preferences with respect to scheduling, and the Court's current calendar:

- Initial disclosures due by **December 17, 2021**.
- Joinder of parties due by **May 13, 2022**.
- Amended pleadings due by **May 13, 2022**.
- Discovery to proceed in two phases, beginning with Phase I, limited to the Plaintiffs' individual claims and any related defenses of Charter Communications, Inc., to be completed by **April 8, 2022**, including any expert discovery to the extent necessary and related to this phase of discovery.
- To the extent that expert discovery, relating to the Plaintiffs' individual claims and any related defenses of Charter Communications, Inc., is necessary in Phase I discovery, the parties are ordered to meet and confer and provide, by **January 7, 2022**, a proposed schedule for any expert discovery in Phase I.
- Dispositive motions for Phase I, pertaining to the Plaintiffs' individual claims, due by **May 6, 2022**; responses to any dispositive motions due by **June 3, 2022**; and replies to any responses due by **June 17, 2022**.
- The parties are ordered to, by a date thirty (30) days following the resolution of any dispositive motion in Phase I, submit a status report proposing discovery deadlines for Phase II, relating to all remaining discovery, including class-wide claims, and a schedule for bringing the case to trial.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of December, 2021.

    /s/ Victor A. Bolden
    Victor A. Bolden
    United States District Judge