# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| KIMBERLY STARLING and NICKOLAS HAGMAN, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 3:21-cv-01323-VAB <br><br> Hon. Victor A. Bolden |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Charter Communications, Inc. ("Charter") hereby submits its Answer and Affirmative Defenses to Plaintiffs Kimberly Starling and Nickolas Hagman's Second[1] Amended Class Action Complaint (ECF No. 42) ("Complaint") as follows:

### Background, Parties, Jurisdiction and Venue[2]

1.      Charter admits that Plaintiffs purport to bring this putative class action on behalf of themselves and others who allegedly received phone calls from Charter. Charter denies the

---

[1] The allegations in footnote 1 do not require a response, though Charter admits they refer to certain case filings and further denies any remaining allegations. The characterization of those filings is incorrect, however. Plaintiffs suggest that the Court's Order (ECF No. 39) only allowed them to drop Count III in the Second Amended Complaint. Not so. The Court *granted* Charter's motion for clarification, explaining that Plaintiffs must still abide by Rule 11 in averring facts with adequate factual basis. Despite the Court's order, Plaintiffs' Second Amended includes facts that are false.

[2] For the Court's convenience, Charter has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. However, Charter does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Charter waive any right to object to those characterizations.

remaining allegations of Paragraph 1 and further denies any wrongdoing.

2.      Charter admits that the allegations of Paragraph 2 refer to the Telephone Consumer Protection Act and 137 Cong. Rec. 30821 (1991), the terms of which speak for themselves.  Charter denies the remaining allegations of Paragraph 2.

3.      Charter admits that the allegations of Paragraph 3 refer to the Telephone Consumer Protection Act (47 U.S.C. § 227(b)(1)(B)), the terms of which speak for itself.  Charter denies the remaining allegations of Paragraph 3 as legal conclusions that do not require a response.

4.      Charter admits that the allegations of Paragraph 4 refer to the Telephone Consumer Protection Act, the terms of which speak for itself.  Charter denies the remaining allegations of Paragraph 4 as legal conclusions that do not require a response.

5.      Charter admits that the allegations of Paragraph 5 refer to the Illinois Automatic Telephone Dialers Act, the terms of which speak for itself.  Charter denies the remaining allegations of Paragraph 5 as legal conclusions that do not require a response.

6.      Charter admits that the allegations of Paragraph 6 refer to RobocallIndex.com and a 2019 Wall Street Journal article, the terms of which speak for themselves.  Charter denies the remaining allegations of Paragraph 6.

7.      Charter denies the allegations of Paragraph 7.

8.      Charter is without sufficient information to admit or deny the allegations contained in Paragraph 8 and therefore denies the same.

9.      Charter is without sufficient information to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

10.     Charter admits that the Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated.  Charter denies that class treatment is appropriate in this case.

11.     Charter admits that it is a Delaware corporation that is headquartered in Connecticut.  Charter denies the remaining allegations of Paragraph 11 as legal conclusions that do not require a response.

12.     Charter admits that it or certain affiliates conduct business in Connecticut, Texas, Illinois, and throughout the United States.  Except as expressly admitted herein, Charter denies any remaining allegations of Paragraph 12

13.     The jurisdictional allegations of Paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, Charter admits that it is a Delaware Corporation that is headquartered in Connecticut.  Charter denies that it has engaged in any unlawful conduct directed at Plaintiffs, and further denies the remaining allegations of Paragraph 13.

14.     The jurisdictional allegations of Paragraph 14 are legal conclusions to which no response is required.  To the extent a response is required, Charter admits that the Court generally has federal question jurisdiction over Telephone Consumer Protection Act actions.  But Charter reserves the right to challenge subject matter jurisdiction to the extent Plaintiffs' lack standing and to the extent Plaintiffs' alleged injuries are not fairly traceable to any conduct by Charter.

15.     The jurisdictional allegations of Paragraph 15 constitute legal conclusions to which no response is required.  To the extent a response is required, Charter admits that it operates in this District but denies that any allegedly unlawful conduct occurred in this District.

### Common Factual Allegations

16.     Charter admits that cable, internet, and phone services are sold under the Spectrum brand across the United States.  Charter denies any remaining allegations of Paragraph 16.

17.     Charter admits that telephone calls are used but denies the allegations of Paragraph 17 to the extent they state, imply, or suggest that Charter permitted any outbound telemarketing

with respect to Plaintiffs (it did not).  Except as expressly admitted herein, Charter denies the allegations of Paragraph 17.

18.      Charter denies the allegations of Paragraph 18.

19.      Charter denies the allegations of Paragraph 19.

20.      Charter admits that the allegations of Paragraph 20 refer to 47 C.F.R. § 64.1200(b)(1), the terms of which speak for itself, and that certain services are sold under the Spectrum brand.  Charter is without sufficient information to admit or deny whether the only business identified in the calls Plaintiffs and/or putative class members allegedly received was Spectrum, and therefore denies these allegations.  Charter denies directly placing phone calls to either Plaintiff.  Charter denies the remaining allegations of Paragraph 20.

21.      Charter admits that the allegations of Paragraph 21 refer to 47 C.F.R. § 64.1200(d)(4) and *In re Dish Network, LLC,* 28 F.C.C. Rcd. 65741 (2013), the terms of which speak for themselves.  Charter denies that it violated 47 C.F.R. § 64.1200(d)(4) or authorized any of its telemarketers to violate the same.  Charter denies that it is vicariously liable for the calls received by Plaintiffs.  Charter denies the remaining allegations of Paragraph 21.

22.      Charter denies the allegations of Paragraph 22.

23.      The allegations of Paragraph 23, which are alleged solely upon information and belief, contain legal conclusions to which no response is required.  To the extent a response is required, Charter denies that the third parties who called Plaintiffs were acting with actual, express, implied, or apparent authority from Charter.  Charter denies all remaining allegations of Paragraph 23.

*Plaintiffs Receive Unwanted Automated Telemarketing Calls from Charter*

24.      Charter is without sufficient information to admit or deny the allegations contained in Paragraph 24 and therefore denies the same.

4

25.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 25 and therefore denies the same.

26.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 26 and therefore denies the same.

27.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 27 and therefore denies the same.

28.     The allegations of Paragraph 28 are legal conclusions to which no response is required.  To the extent a response is required, Charter is without sufficient information to admit or deny these allegations and therefore denies them.

29.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 29 and therefore denies the same.

30.     Charter denies the allegations of Paragraph 30 to the extent they state, imply, or suggest Charter placed any calls directly.  Charter is without sufficient information to admit or deny any remaining allegations and therefore denies them.

31.     Charter denies the allegations of Paragraph 31 to the extent they state, imply, or suggest Charter placed any calls directly.  Charter is without sufficient information to admit or deny any remaining allegations and therefore denies them.

32.     Charter denies the allegations of Paragraph 32, which are improperly alleged upon information and belief because Plaintiff is in the best position to determine whether she actually received additional calls from Charter.

### *Hagman Received Unwanted Automated Telemarketing Calls from Charter*

33.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 33 and therefore denies the same.

34.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 34 and therefore denies the same.

35.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 35 and therefore denies the same.

36.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 36 and therefore denies the same.

37.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 37 and therefore denies the same.

38.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 38 and therefore denies the same.

39.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 39 and therefore denies the same.

40.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 40 and therefore denies the same.

41.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 41 and therefore denies the same.

42.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 42 and therefore denies the same.

43.      Charter is without sufficient information to admit or deny the allegations contained in Paragraph 43 and therefore denies the same.

44.     Charter is without sufficient information to admit or deny the allegations contained in Paragraph 44 and therefore denies the same.

## Direct and Vicarious Liability

45.     Charter denies that it "outsources [] unlawful robocalls."  Charter denies that it is vicariously liable for the calls Plaintiffs allegedly received.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 45.

46.     Charter admits that the allegations of Paragraph 46 refer to a May 2013 FCC Ruling, the terms of which speak for itself.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 46.

47.     Charter admits that the allegations of Paragraph 47 refer to a May 2013 FCC Ruling, the terms of which speak for itself.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 47.

48.     Charter admits that the allegations of Paragraph 48 refer to a May 2013 FCC Ruling, the terms of which speak for itself.  Charter denies that any individuals or entities who called Plaintiffs were acting with apparent authority on behalf of Charter.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 48.

49.     Charter denies the allegations of Paragraph 49.

50.     Charter denies that the individuals and/or entities who called Plaintiffs were acting as Charter's agents in doing so.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 50.

51.     The allegations of Paragraph 51 are legal conclusions to which no response is required.  To the extent a response is required, Charter denies that it authorized or directly benefitted from the phone calls Plaintiffs allegedly received.  Charter denies any remaining allegations of Paragraph 51.

52.     Charter denies the allegations of Paragraph 52.

53.     Charter denies that it directly called Plaintiffs.  Charter denies the remaining allegations of Paragraph 53.

***Charter's Unlawful Conduct Caused Injuries to Plaintiffs and Class Members***

54.     Charter denies the allegations of Paragraph 54.

55.     Charter denies the allegations of Paragraph 55.

56.     Charter admits that it has engaged in telemarketing, or caused telemarketing to occur, for the purpose of selling Spectrum services.  Charter denies that it placed or authorized the phone calls Plaintiffs allegedly received or caused these phone calls to be placed.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 56.

## Class Allegations

57.     Charter admits that Plaintiffs purport to have filed this action on behalf of themselves and all others they claim are similarly situated as alleged members of one or more of the classes described in Paragraphs 58–60.  Charter denies that this action satisfies the requirements to be maintained as a class action.  Charter denies the remaining allegations of Paragraph 57.

58.     Charter admits that Plaintiffs purport to represent the putative class described in Paragraph 58.  Charter denies that class certification is appropriate in this case and denies that Plaintiffs possess standing to represent this putative class.  Charter denies the remaining allegations of Paragraph 58.

59.     Charter admits that Plaintiff Starling purports to represent the putative class described in Paragraph 59.  Charter denies that class certification is appropriate in this case and denies that Plaintiff Starling has standing to represent this putative class.  Charter denies the remaining allegations of Paragraph 59.

60.     Charter admits that Plaintiff Hagman purports to represent the putative class described in Paragraph 60.  Charter denies that class certification is appropriate in this case and that Plaintiff Hagman has standing to represent this putative class.  Charter denies the remaining allegations of Paragraph 60.

61.     Charter admits that Plaintiffs purport to exclude the listed individuals and entities from the putative classes.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 61 and further denies that class certification is appropriate.

62.     Charter admits that Plaintiffs purport to reserve the right to add subclasses or amend the definitions of the proposed classes.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 62.

63.     Charter denies the allegations of Paragraph 63.

64.     Charter denies causing injury or damages to any putative class members.  Charter denies the remaining allegations of Paragraph 64.

65.     Charter denies the allegations of Paragraph 65, which are brought upon information and belief and have no foundation in fact.

66.     Charter denies the allegations of Paragraph 66, including subparagraphs a through i.  Charter further denies that class certification is appropriate in this case.

67.     Charter denies the allegations of Paragraph 67.

68.     Charter denies the allegations of Paragraph 68.

69.     Charter denies the allegations of Paragraph 69.

70.     Charter denies the allegations of Paragraph 70.

71.     Charter denies the allegations of Paragraph 71.

72.     Charter denies the allegations of Paragraph 72.

**Count I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiffs and the 227(b) Class)**

73.     Charter incorporates its responses to Paragraphs 1–72 as if fully set forth herein.

74.     Charter admits the allegations of Paragraph 74 refer to 47 U.S.C. § 227(b)(1), the terms of which speak for itself.  Charter denies that it violated 47 U.S.C. § 227(b)(1). Except as expressly admitted herein, Charter denies the allegations of Paragraph 74.

75.     Charter admits the allegations of Paragraph 75 refer to 47 U.S.C. § 227(a)(4), the terms of which speak for itself.  Charter denies that it made or caused to be made on its behalf any "telephone solicitations" (or calls) within the meaning of the statute to either Plaintiff.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 75.

76.     Charter admits the allegations of Paragraph 76 refer to FCC 12-21, CG Docket 202-278 and 47 C.F.R. § 64.1200(a)(2), the terms of which speak for themselves.  Charter denies that the FCC regulations require that a caller obtain "prior express written consent" for any and all telephone solicitations.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 76.

77.     Charter admits the allegations of Paragraph 77 refer to 47 C.F.R. § 64.1200(f)(8)(i), the terms of which speak for itself.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 77.

78.     Charter admits the allegations of Paragraph 78 refer to 47 U.S.C. § 227(b)(3), the terms of which speak for itself.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 78.

79.     Charter denies the allegations of Paragraph 79.

80.     Charter denies the allegations of Paragraph 80.

81.     Charter denies the allegations of Paragraph 81.

82.     Charter denies the allegations of Paragraph 82.

83.     Charter admits that injunctions can be obtained to enjoin TCPA violations but denies any wrongdoing here or that Plaintiffs are entitled to any such injunctions or other relief. Except as expressly admitted herein, Charter denies the allegations of Paragraph 83.

**Count II**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Starling and the 227(c) Class)**

84.     Charter incorporates its responses to Paragraphs 1–83 as if fully set forth herein.

85.     Charter admits the allegations of Paragraph 85 refer to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(ii), the terms of which speak for themselves.  Charter denies that it called, or caused calls to be made to, Plaintiff Starling and the putative class members in violation of these provisions.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 85.

86.     Charter admits the allegations of Paragraph 86 refer to 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(ii), the terms of which speak for themselves.  Charter denies that Plaintiff Starling or the putative class members are entitled to damages under this provision.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 86.

87.     Charter admits that the allegations of Paragraph 87 refer to 47 U.S.C. § 227(c)(5), the terms of which speak for itself.  Charter denies that Plaintiffs or the putative class members are entitled to any relief against Charter, including willful damages.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 87.

88.     Charter admits that the allegations of Paragraph 88 refer to 47 U.S.C. § 227(c)(5)(A), the terms of which speak for itself.  Charter denies that Plaintiffs or the putative class members are entitled to any relief against Charter, including injunctive relief.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 88.

89.     Charter admits that the allegations of Paragraph 89 refer to 47 U.S.C. § 227(c)(5)(A), the terms of which speak for itself.  Charter denies that Plaintiffs or the putative class members are entitled to any relief against Charter, including injunctive relief.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 89.

90.     Charter denies the allegations of Paragraph 90.

91.     Charter denies the allegations of Paragraph 91.

92.     Charter admits that 47 U.S.C. § 227(c) generally authorizes damages up to $1,500 per violation but denies that Starling and the putative class members are entitled to any damages under this or any other provision.  Charter denies that it willfully violated the TCPA.  Except as expressly admitted herein, Charter denies the allegations of Paragraph 92.

### Count III
**Violations of the IATDA, 815 ILCS 305/1, *et seq.***
**(On Behalf of Hagman and the Illinois Class)**

93.     Charter incorporates its responses to Paragraphs 1–92 as if fully set forth herein.

94.     Charter denies the allegations of Paragraph 94.

95.     Charter denies the allegations of Paragraph 95.

96.     Charter denies the allegations of Paragraph 96.

97.     Charter denies the allegations of Paragraph 97.

98.     Charter is without sufficient information to admit or deny the allegations of Paragraph 98 and therefore denies them.

99.     Charter denies the allegations of Paragraph 99.

100.    Charter admits that Hagman and the putative Illinois class seek the damages, costs, and penalties specified in Paragraph 100.  Charter denies that Hagman and the putative Illinois class are entitled to any of these damages, costs, or penalties under this or any other provision.  Charter denies the remaining allegations of Paragraph 100.

101.    Charter denies the allegations of Paragraph 101.

## Prayer For Relief

Charter denies the allegations of Plaintiffs' unnumbered "WHEREFORE" section, including each and every allegation in subparagraphs a through f.  Charter further denies that Plaintiffs are entitled to class certification, appointment as class representatives or counsel, damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

## JURY DEMAND

Charter denies that any of the allegations set forth in the Complaint allege triable issues against Charter.

## GENERAL DENIAL

Charter denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Charter asserts the following defenses to the claims and allegations set forth in the Complaint.  By asserting these defenses, Charter does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Charter.  For example, Plaintiffs failed to show that any calls they allegedly received were those for "which the called party is charged" as required by the TCPA.

## SECOND AFFIRMATIVE DEFENSE

### (Arbitration and Class Waiver)

Plaintiffs and the putative class members are barred from asserting their claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving the Court of jurisdiction over their claims, and rendering venue in this Court improper.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

Plaintiffs and the putative class members are barred from asserting their claims in whole or in part because the calls at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiffs are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud, conspiracy, and/or unclean hands.  For example, Plaintiff cannot assert claims under the TCPA against Charter to the extent they or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

14

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

Any claim for treble damages or penalties is barred because Charter did not engage in knowing or willful misconduct.  For example, Charter only places calls to numbers of persons who consent to such calls.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Charter did not proximately cause any damages, injuries, or violations alleged in the Complaint.  Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiffs, or other persons who provided the numbers on which Plaintiffs were allegedly called) proximately caused any damages, injuries, or violations at issue.

## NINTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Charter because any harm allegedly caused by the calls at issue (which Charter denies) is not fairly traceable to any violation allegedly committed by Charter, and because Plaintiff Hagman only allegedly received a single voicemail for which he may not have suffered any Article III harm pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) (particularly with respect to the putative class he seeks to represent).

### TENTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiffs for which Charter cannot be held vicariously liable.  Further, Charter did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it.  For example, to the extent vendors caused any damages, injuries, violations of the law, or engaged in the conduct of which the Complaint complains, such vendors acted outside the scope or in violation of the parties' agreements, Charter did not approve of such conduct, and Charter did not receive any benefits from such conduct.  As such, Charter cannot be held vicariously liable.  And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiffs have an adequate remedy at law.  For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

### TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution.  For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

16

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Charter, would violate the Due Process provisions of the United States Constitution.   For example, certain definitions contained in the TCPA render the statute unconstitutionally vague.  Additionally, the statutory penalties sought by Plaintiff are excessive.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No "Call")

Charter did not "make any call" to Plaintiffs, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No "Pre-recorded" or "Artificial" Voice)

Plaintiffs' § 227(b) claim is barred to the extent a "pre-recorded voice" or "artificial voice," as defined by the TCPA, did not play on the alleged calls.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No "autodialer")

Charter did not make, or cause to be made, any call using an "autodialer" within the state of Illinois as that term is used in the Illinois Automatic Telephone Dialers Act, 815 ILCS 305/5(a).

## SEVENTEENTH AFFIRMRATIVE DEFENSE

### (Exemptions under IATDA)

Charter is exempt from the Illinois Automatic Telephone Dialers Act pursuant to 815 ILCS 305/20(a) to the extent it made any calls in response to an express request of the person called or to any person with whom it has a prior or existing business relationship.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No actual injury under IATDA)

Plaintiff Hagan and the putative class members sustained no "actual injury" within the meaning of the Illinois Automatic Telephone Dialers Act and thus cannot state a claim.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Party and/or Name the Proper Defendant)

The claims brought in the Complaint are barred, in whole or in part, by Plaintiffs' failure to join a necessary or indispensable party.  Plaintiffs' claims are also barred, in whole or in part, to the extent Plaintiffs failed to name the proper defendant(s), over which the Court may lack personal jurisdiction.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Charge)

Plaintiffs were not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Charter from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Damages Limitation)

Plaintiffs are barred from asserting their claims in light of the exclusive remedies and damages limitation set forth in the applicable Terms and Conditions of Service.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

Charter is not liable to Plaintiffs because Charter acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reasonable Practices)

Any and all claims brought in the Complaint are barred in whole or in part because Charter has established and instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Charter, consistent with the minimum standards outlined in 47 C.F.R. § 64.1200(d).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (One Call)

Any and all claims brought in the Complaint are barred in whole or in part because Plaintiffs did not receive more than one telephone call within any 12-month period by or on behalf of Charter.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations or the IATDA (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Any and all claims brought in the Complaint are barred because Charter possessed a good faith belief that it had consent to call the numbers at issue.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

Plaintiffs' TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs' state law claims are barred in whole or in part to the extent they are preempted by any federal statute or regulation.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Immediate Threat of Future Injury)

Plaintiffs' request for injunctive relief is barred with respect to any alleged TCPA and IADTA claims as the alleged violations are not likely to recur.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiffs cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.  Further, Charter gives notice that in the event that this Court certifies any class, which Charter denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of any such class.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Charter has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available

during discovery in this action.  Charter reserves the right to amend its Answer to assert any such defense.

**PRAYER FOR RELIEF**

WHEREFORE, Charter prays for judgment as follows:

1. That Plaintiffs take nothing from Charter by reason of this Complaint and that judgment be entered in favor of Charter;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Charter costs and reasonable attorneys' fees, including because Plaintiff Starling and her counsel falsely alleged that Charter placed calls directly to her;

4. For such other relief as the Court deems just and proper.

DATED: January 28, 2022.


       /s/ *Matthew A. Keilson*

       Ryan D. Watstein (*admitted pro hac vice*)
       rwatstein@kcozlaw.com
       Matthew A. Keilson (*admitted pro hac vice*)
       mkeilson@kcozlaw.com
       **KABAT CHAPMAN & OZMER LLP**
       171 17th Street NW, Suite 1550
       Atlanta, GA 30363
       404-400-7300
       404-400-7333 (fax)

       Brian J. Wheelin
       Connecticut Bar No. ct26823
       bwheelin@rc.com
       Trevor L. Bradley
       Connecticut Bar No. ct29993
       tbradley@rc.com
       **ROBINSON & COLE LLP**
       1055 Washington Boulevard
       Stamford, CT  06901
       203-462-7500
       203-462-7599 (fax)

*Counsel for Defendant*
*Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, I filed the foregoing document using the Court's

CM/ECF system, which will send a notice of electronic filing to all parties of record.


By:    /s/ *Matthew A. Keilson*
       Matthew A. Keilson
       *Counsel for Defendant*